IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEN W. DAVIS         :| |
| :| |
|     Plaintiff,    :| |
| :| CIVIL ACTION |
| v.           :| |
| :| NO. 1:13-CV-1985-TWT-ECS |
| OCWEN LOAN SERVICING, LLC :| |
| :| |
|     Defendant.   :| |

**FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**I.**
**Background**

Plaintiff, proceeding pro se, originally filed this action in the Superior Court of Cobb County, alleging claims arising out of the initiation of mortgage foreclosure proceedings. [Doc. 1-1]. Defendant removed the case to this Court on the basis of federal question jurisdiction, [Doc. 1], and moved to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 3]. Plaintiff filed no response in opposition to Defendant's motion to dismiss. Instead, Plaintiff moved to remand the matter to state court. [Doc. 6]. Both Defendant's motion to dismiss, [Doc. 3], and Plaintiff's motion to remand, [Doc. 6], are currently pending before this Court.

On September 9, 2013, Plaintiff filed a "motion to voluntarily dismiss without prejudice," representing that he "wishes to first

pursue a good faith loan modification" with Defendant. [Doc. 8 at 1-2]. On October 3, 2013, Defendant filed a response opposing Plaintiff's motion for voluntary dismissal, arguing that the Court should dismiss the complaint with prejudice rather than without prejudice. [Doc. 9]. Defendant filed its response outside the time provided by the local rules of this Court. See LR 7.1B, NDGA. Defendant did not seek leave to file a response out of time; nor was such leave otherwise granted. In any event, Defendant's opposition is of no moment because Plaintiff does not need a court order to obtain a dismissal without prejudice.

## II.
## Discussion

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to dismiss an action voluntarily without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required. The fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence." Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990) (citing J. Moore, Moore's Federal Practice ¶ 41.02[2] (1988); Carter v. United States, 547 F.2d 258, 259 n.2 (5th Cir. 1977); Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir. 1976)).

2

Courts in this circuit and others have found that a defendant's filing of a motion to dismiss under Rule 12(b) does not affect a plaintiff's right to dismiss an action voluntarily, with the exception of a 12(b)(6) motion converted to a motion for summary judgment. See Soldrich v. Colvin, No. 1:12-cv-4373-WSD, 2013 WL 5360758, at *1 (N.D. Ga. Sept. 25, 2013) (dismissing case upon construing plaintiff's letters to be notices of dismissal and denying Rule 12(b)(1) motion as moot); West v. Am. Fresh Foods, L.P., No. 7:10-cv-91 (HL), 2011 WL 63563, at *1 (M.D. Ga. Jan. 4, 2011) (denying Rule 12(b)(6) motion as moot and dismissing action pursuant to plaintiff's notice of voluntary dismissal under Rule 41(a)(1)(A)). Accord Aamot v. Kassel, 1 F.3d 441, 444 (6th Cir. 1993) (affirming district court's dismissal of the action when the plaintiff filed a notice of dismissal after the defendant filed a Rule 12(b)(6) motion); Kilpatrick v. Tex. & P.R. Co., 166 F.2d 788, 792 (2d Cir. 1948) (holding that filing a motion to dismiss for lack of personal jurisdiction before the plaintiff filed notice of dismissal did not preclude the plaintiff from voluntarily dismissing the case); Brown v. T-Ink, LLC, No. 07-CV-13111, 2007 WL 4098207, at *3 (E.D. Mich. Nov. 16, 2007) ("It is well-established that a plaintiff's right to a voluntary dismissal is not extinguished by the filing of a motion to dismiss under Fed. R. Civ. P. 12(b),

AO 72A
(Rev.8/82)

subject to the exception for Rule 12(b)(6) motions converted to motions for summary judgment.").

In this case, Defendant has not filed an answer to Plaintiff's complaint or a motion for summary judgment. Although Defendant contends that Plaintiff has already obtained a dismissal without prejudice in a state court case arising out of the same operative facts, the exhibit attached in support of this does not show that the same claim or claims were asserted in that case. See [Doc. 9-1]. Consequently, the undersigned finds that the requirements of Rule 41(a)(1)(A)(i) have been satisfied and that Plaintiff's motion for voluntary dismissal, [Doc. 8], should be construed as a notice of voluntary dismissal.

Accordingly, IT IS **RECOMMENDED** that Defendant's motion to dismiss, [Doc. 3], be **DENIED AS MOOT**; that Plaintiff's motion to remand, [Doc. 6], be **DENIED AS MOOT**; and that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Plaintiff's motion for voluntary dismissal, [Doc. 8], construed herein as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

The adoption of this final report and recommendation will leave no claims to adjudicate. Accordingly, with no matters pending before the undersigned, the Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

4

**SO REPORTED AND RECOMMENDED**, this 7th day of October, 2013.

                                                _s/ E. Clayton Scofield_  
                                                E. CLAYTON SCOFIELD III  
                                                UNITED STATES MAGISTRATE JUDGE